UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEX SANCHEZ,

                    Plaintiff,          **COMPLAINT**

        -against-

THE CITY OF NEW YORK and
UNIDENTIFIED NEW YORK CITY         **JURY TRIAL DEMANDED**
POLICE OFFICERS,
                 Defendants.
------------------------------------------------------X

        Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

        1.    This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4).  Plaintiff also respectfully requests this Court assert its powers pursuant to 28 U.S.C. §1367 and allow Mr. Sanchez' New York State common law claims to be heard in this federal action as well.

        2.    Under 28 U.S.C. §1391(b)(2), venue is proper in the Southern District of New York because the events or omissions giving rise to the claim occurred, in that district.

### PARTIES

        3.    Alex Sanchez is an Hispanic male and at all times relevant he was and still is a resident of New York County in the City and State of New York.

        4.    Defendant City of New York is a Municipal Corporation within New York State.

        5.    Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the defendant Police Officers more fully identified below.

-1-

6.      Defendants UNIDENTIFIED POLICE OFFICERS were at all times relevant duly appointed and acting as employees of the New York City Police Department.

7.      The individual defendants are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in both their official and individual capacities.

8.      The individual defendants were agents, servants and employees acting within the scope of their employment by defendant the City of New York (hereinafter NYC).

9.      At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## NOTICE OF CLAIM

10.     On or about December 7, 2016 and within ninety days after his malicious prosecution claim arose, Alex Sanchez served his Notice of Claim upon defendant NYC at the Office of the Comptroller of the City of New York.

11.     The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and damages and injuries claimed to have been sustained.

12.     Mr. Sanchez' 50-h hearing was conducted on March 3, 2017.

13.     More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

14.     This action was commenced within one year and ninety days of when the Mr. Sanchez' state claim became ripe and within three years of when his federal claims accrued.

## FACTS UNDERLYING
## ALEX SANCHEZ' CLAIMS FOR RELIEF

15.     On March 19, 2016 at approximately 8:45 pm, Mr. Sanchez was

coming out of apartment located at 717 West 177 Street, New York, NY 10034 en route to his mother's house, to eat dinner.

16.     On his way to his mother's house, approximately three blocks away from his apartment, one Unidentified Police Officer, working in plain clothes, grabbed Mr. Sanchez from behind.

17.     The officer searched Mr. Sanchez and proceeded to interrogate him.

18.     Shortly thereafter, the Unidentified Police Officer, working in plain clothes, placed Mr. Sanchez in handcuffs and summoned a marked police van.

19.     Once put inside the van, Mr. Sanchez was driven around the neighborhood for approximately an hour.

20.     During his time in the van, another person who had been arrested, apparently for the sale of narcotics, explicitly informed the two Unidentified Police Officers in the van that Mr. Sanchez was not the other party participating in the drug transaction for which that person had been arrested.

21.     At the 33th precinct, Mr. Sanchez was illegally strip searched by an Unidentified Police Officer in uniform and as Mr. Sanchez had not participated in any criminal act, nothing was found, neither drugs nor pre recorded buy money.

22.     Mr. Sanchez was transferred to central booking and arraigned on the false allegations involving the sale of drugs.

23.     Bail for Mr. Sanchez was set at $5,000 dollars and Mr. Sanchez made bail and was released six days after his arrest.

24.     Mr. Sanchez had his money seized, approximately two hundred dollars, upon information and belief it was not vouchered and it was never returned to him.

25.     Mr. Sanchez was forced to appear in Court repeatedly until October 20. 2016, when the false charges against him were all dismissed and sealed via

motion of the New York County District Attorney.

26.     Mr. Sanchez incurred attorney's fees, he lost wages, he had to make repeated, humiliating court appearances, he faced years in jail and he was otherwise harmed.

27.     Mr. Sanchez was never indicted and the officers had no probable cause to arrest him nor to cause him to be arrested and prosecuted on the false charges.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF ALEX SANCHEZ**
**VIOLATION OF HIS FOURTH AMENDMENT RIGHTS**
**VIA FALSE ARREST**

28.     Mr. Sanchez repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29.     Mr. Sanchez' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the defendants via a false arrest.

30.     Mr. Sanchez was confined by defendants; defendants intended to confine Mr. Sanchez; Mr. Sanchez was conscious of his confinement; and Mr. Sanchez did not consent to his confinement which was not otherwise privileged.

31.     Mr. Sanchez had not committed any crimes nor did defendants reasonably believe he was about to commit any crimes when he was arrested.

32.     Defendants did not have probable cause nor even a reasonable suspicion to, search, strip search and arrest Mr. Sanchez.

33.     As a direct consequence of defendants' actions, Mr. Sanchez was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

34. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Sanchez was subjected to being handcuffed, searched, strip searched, confined, arraigned on false charges, insulted, humiliated and embarrassed, he was defamed in his community and he was otherwise harmed.

35. By reason of the aforesaid, Mr. Sanchez has been damaged and he is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42U.S.C. §1988.

<b>AS AND FOR A SECOND CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF<br>VIOLATION OF ALEX SANCHEZ' FOURTH AMENDMENT RIGHTS<br>VIA MALICIOUS PROSECUTION</b>

36. Mr. Sanchez repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. Mr. Sanchez' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the defendants via a malicious prosecution.

38. The defendants caused the commencement and continuation of the prosecution of Mr. Sanchez; the defendants did so without probable cause; the prosecution was commenced and continued with malice; and the criminal prosecution terminated favorably with a full dismissal.

39. The defendants generated paperwork to commence and assist in the continued prosecution of Mr. Sanchez and the defendants spoke with the District Attorney's office and supplied untruthful information causing and continuing Mr. Sanchez' prosecution.

40. As a direct consequence of defendants' actions, Mr. Sanchez was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of

the United States Constitution and more particularly, he was forced to make court appearances, to obtain legal counsel, he lost wages, he was prosecuted until the District Attorney dismissed the false charges, he faced years in jail over the false charges and he was otherwise harmed.

41.     By reason of the aforesaid, Mr. Sanchez has been damaged and he is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF ALEX SANCHEZ PURSUANT TO THE
### COMMON LAW OF THE STATE OF NEW YORK
### MALICIOUS PROSECUTION

42.     Mr. Sanchez repeats the allegations  contained in the prior paragraphs as if fully stated herein.

43.     Defendant City of New York is vicariously liable to Mr. Sanchez for the individual defendants' common law torts via the principle of *respondeat superior*.

44.     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

45.     Mr. Sanchez has fulfilled the required conditions precedent pursuant to New York's General Municipal Law to bring this action for malicious prosecution against the City of New York pursuant to the common law of the State of New York.

46.     Mr. Sanchez' rights have been violated under the common law of the State of New York via a malicious prosecution.

47.     The defendants caused the commencement and continuation of the prosecution of Mr. Sanchez; the defendants did so without probable cause; the prosecution was commenced and continued with malice; and the criminal prosecution terminated favorably with a full dismissal.

48.     The defendants generated paperwork to commence and assist in

the continued prosecution of Mr. Sanchez and upon information and belief, the

defendants spoke with the District Attorneys office and supplied untruthful information

causing and continuing Mr. Sanchez' prosecution.

49.     As a direct consequence of defendants' actions, Mr. Sanchez was

deprived of his rights, privileges and immunities pursuant to the common law of the State

of New York and more particularly, he was required to make forced court appearances, to

obtain legal counsel, he lost wages, he was prosecuted until the District Attorney

dismissed the false charges and he was otherwise harmed.

50.     By reason of the aforesaid, Mr. Sanchez has been damaged and he

is entitled to compensatory damages in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF ALEX SANCHEZ**
**VIOLATION OF HIS FOURTH AMENDMENT RIGHTS**
**VIA AN ILLEGAL STRIP SEARCH**

51.     Mr. Sanchez repeats, reiterates and realleges each and every

allegation contained in the prior paragraphs with the same force and effect as is more

fully and at length set forth herein.

52.     Mr. Sanchez' rights have been violated under the Fourth

Amendment of the United States Constitution made applicable to the states via the

Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the defendants having

subjected him to an illegal strip search.

53.     The illegal strip search was conducted without a reasonable

suspicion that Mr. Sanchez had hidden any drugs or pre recorded buy money on his

person.

54.     As a direct consequence of defendants' actions, Mr. Sanchez was

deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of

the United States Constitution, he was humiliated, embarrassed and otherwise harmed.

55.     By reason of the aforesaid, Mr. Sanchez has been damaged and he

is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42U.S.C. §1988.

<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>
<u>ON BEHALF OF ALEX SANCHEZ</u>
<u>VIOLATION OF HIS</u>
<u>FOURTH AND FOURTEENTH AMENDMENT RIGHTS</u>
<u>VIA THE CITY OF NEW YORK</u>
<u>i.e., MONELL CLAIM</u>

56.     Mr. Sanchez repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57.     Mr. Sanchez' rights have been violated under the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, by the defendant NYC via its deliberate indifference in allowing a *de facto* policy permitting members of the NYPD to falsely arrest, strip search, maliciously prosecute and to otherwise abuse members of NYC's minority communities without fear of consequences in their employment.

58.     Defendant NYC was aware of and was deliberately indifferent to the NYPD's narcotics officers making false arrests, malicious prosecutions and strip searching members of NYC's minority communities and took no meaningful action to prevent such illegal activities from continuing.

59.     Mr. Sanchez, due to his being of Hispanic decent, was subjected to an arrest, strip search and a malicious prosecution without probable cause to believe he had committed a crime and he was treated differently and worse than similarly situated non minority citizens would be in a similar circumstance.

60.     Members of NYC's minority communities are regularly stopped and falsely arrested, strip searched and maliciously prosecuted by members of the NYPD and those officers are seldom, if ever, punished by their employer, NYC.

61.     False arrests, strip searches and malicious prosecutions of NYC's

minority communities are sufficiently widespread and persistent to constitute an illegal custom, policy, and usage of which supervisory authorities are well aware, and are so widespread and open and notorious and so infrequently the source of disciplining the officers involved as to constitute a *de facto* policy of deliberate indifference by supervisory officials to such abuses, making NYC liable to Mr. Sanchez for the constitutional violations committed against him.

62.    Supervisors in the NYPD have failed to train and supervise members of the NYPD to limit further illegal actions including false arrests, baseless strip searches and malicious prosecutions against members of NYC's minority communities despite overwhelming evidence that such incidents repeatedly occur.

63.    The above mentioned deprivations of the rights of NYC's minority citizens are so glaring and frequent that the failure of supervisors from the NYPD to act to prevent such further deprivations rises to an act of deliberate indifference to the rights of individuals and in fact is the proximate cause of Mr. Sanchez' harms.

64.    As a direct consequence of defendants' actions and inactions, Mr. Sanchez was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the defendants' actions and inactions caused Mr. Sanchez to be falsely arrested, illegally strip searched, maliciously prosecuted and to sustain financial and other damages.

65.    Mr. Sanchez was unnecessarily subjected to being handcuffed, searched, strip searched, confined, made to appear in Court numerous times, he incurred attorneys' fees, he was insulted, humiliated, embarrassed, and defamed in his community, was prevented from working and he was otherwise harmed.

66.    By reason of the aforesaid, Mr. Sanchez has been damaged and he is entitled to an award of  compensatory damages to be determined by the trier of fact and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF ALEX SANCHEZ
VIOLATION OF THE FOURTH AMENDMENT
VIA THE FAILURE TO INTERVENE**

67.     Mr. Sanchez repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

68.     Mr. Sanchez' Fourth Amendment rights have been violated via the defendant officers who had knowledge of and the opportunity to intervene to prevent his false arrest, strip search and malicious prosecution.

69.     By reason of the aforesaid, Mr. Sanchez has been damaged and he is entitled to compensatory damages in an amount to be determined at trial as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42 U.S.C. §1988.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF ALEX SANCHEZ
VIOLATION OF THE FOURTH AMENDMENT
ILLEGAL SEIZURE OF MR. SANCHEZ' MONEY**

70.     Mr. Sanchez repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

71.     Mr. Sanchez' rights pursuant to the Fourth Amendment of the U.S. Constitution have been violated by the defendants illegally seizing and refusing to return his money.

72.     By reason of the aforesaid, Mr. Sanchez has been damaged and he is entitled to compensatory damages in the amount of money which the defendants illegally seized from him, as well as an award of punitive damages and he is entitled to an award of attorneys' fee pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Mr. Sanchez respectfully requests that judgment be entered as follows:

(A)     Declaratory relief finding that Mr. Sanchez' rights under the United States Constitution and the common law of the State of New York were violated;

(B)     Compensatory damages to Mr. Sanchez in an amount to be determined at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, Mr. Sanchez is entitled to an award of punitive damages on his federal causes of action against the individual defendants in amounts to be fixed at trial;

(D)     An award to Mr. Sanchez of the costs and disbursements herein;

(E)     An award of attorney's fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.


Dated: June 19, 2017
        New York, New York

_____
            / s /
Fred Lichtmacher (FL-5341)
The Law Office of Fred Lichtmacher P.C.
  *Attorneys for Plaintiff*
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066

To:     Zachary Carter
        Corporation Counsel NYC
        Attorneys for NYC
        100 Church Street
        New York, New York 10007